**MIECZNIKOWSKI, d. b. a. WADE PARK BOWLING ALLEY, Appellant, v. STATE et, Appellees.**

Common Pleas Court, Franklin County.

No. 184134. Decided July 30, 1952.

John Butler, Cleveland, for appellant.

Hon. C. William O'Neill, Atty Genl., L. P. Zwick, Asst. Atty Genl., Columbus, for appellee.

## OPINION

By RANDALL, J.

This case comes to us on an appeal from the order of the Board of Liquor Control, revoking the D-1 and D-2 permits of the appellant. The charges preferred against appellant are as follows:

"That on August 24, 25, 26, 1951, you and/or your agent or employee did have, keep, possess and did sell on your permit premises spirituous liquor, to-wit, whiskey, and you were not then and there the holder of a permit authorizing the possession or sale of whiskey on your permit premises—in violation of the provisions of the Liquor Control Act and the regulations of the Board of Liquor Control."

Upon consideration of an appeal from the order of the Department of Liquor Control the Board of Liquor Control made the following findings and order:

"This cause came on to be heard after due notice to Marion Miecznikowski dba Wade Park Bowling Alley, 8107 Wade Park Ave., Cleveland 3 Cuyahoga County, Ohio, as required by law upon the order of the Director of the Department of Liquor Control to show cause why Class D-1 and D-2 permits Certificate No. 15668 heretofore issued to the said Marion Miecznikowski dba Wade Park Bowling Alley by the Department of Liquor Control should not be revoked for violation by the said permit holder of the provisions of §6064-54 GC and Regulation No. 55 of the Ohio Board of Liquor Control.

"The Board finds from the evidence that on August 24, 25, 26, 1951, the said permit holder and/or his agent or employee had, kept, possessed and sold on the said permit premises spirituous liquor, to-wit, whiskey, not then and there being the holder of a proper permit issued by the Ohio Department of Liquor Control which authorized the possession and/or sale of spirituous liquor on said permit premises; in violation of provisions of the Ohio Liquor Control Act and regulations of the Ohio Board of Liquor Control.

"It is therefore ordered and adjudged that Class D-1 and D-2 permits Certificate No. 15668 be and the same are revoked effective November 19, 1951."

We have read and considered the transcript of the evidence before the Board and in our opinion there can be no question about the correctness of the finding of the Board that the permit holder violated

424

Regulation 55 of the Board by having in his possession spirituous liquors which are prohibited by said Regulation.

That Regulation seems to prevent the possession of spirituous liquors other than the ones enumerated in said section by the holders of D-1 and D-2 permits for any purpose whatsoever. Regulation 55 provides as follows:

"No holder of a permit authorizing only the sale of beer, malt liquors, malt beverages or wine shall have, keep or possess any spirituous liquor upon said permit premises; nor allow any employee, or patron or other persons so to do, for personal use, or for any other purpose whatsoever."

In considering the charge against the appellant that he sold spirituous liquors not then and there being the holder of a proper permit which authorized such sale, we are not called upon to weigh the evidence but to determine first whether there was reliable, probative and substantial evidence supporting the order of the Board of Liquor Control, and whether or not the Board of Liquor Control was guilty of an abuse of discretion.

Upon consideration of the direct testimony and reasonable and logical inferences which may be made from the facts and circumstances developed by the evidence, we find that there was reliable, probative and substantial evidence before the Board tending to support its ruling.

With reference to the penalty imposed by the Board, we cannot say that the gravity of the penalty is in and of itself an evidence of abuse of discretion since the power to determine whether suspension or revocation shall be ordered is, by statute, within the discretion of the Board.

The findings and order of the Board will be affirmed and this order will be certified to the Board.